UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| KERRY B. KOEPKE<br><br>    Plaintiff,<br><br>v.<br><br>GREAT LAKES SPECIALTY FINANCE, INC.,<br>d/b/a CHECK N' GO, d/b/a<br>AXCESS FINANCIAL,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT  2:18-cv-01002<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES**, Kerry B. Koepke ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Great Lakes Specialty Finance, Inc., d/b/a Check 'N Go, d/b/a Axcess Financial ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA") pursuant to 47 U.S.C. §227, and violations of the Wisconsin Consumer Act ("WCA") under Wis. Stat. §427 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C. §227 ("TCPA"), and 28 U.S.C. §§1331 and 1337 because the action arises under the laws of the United States.

3. The Court has supplemental jurisdiction over the state law claim under 28 U.S.C. §1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Eastern District of Wisconsin and all of the events or omissions giving rise to the claims occurred within the Eastern District of Wisconsin.

1

## PARTIES

5. Plaintiff is a consumer and natural person over 18-years-of-age who, at all times relevant, resided in the Eastern District of Wisconsin.

6. Defendant is a pay-day loan company that operates under one of many assumed names, most notably, Check 'N Go. Defendant provides cash advances and high interest loans to low income consumers in the State of Wisconsin. Defendant's principal place of business is located at 7755 Montgomery Road, Suite 400, Cincinnati, Ohio 45236. Defendant's registered agent in Wisconsin is Corporation Service Company, which is located at 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

## FACTS SUPPORTING CAUSE OF ACTION

7. On December 4, 2017, Plaintiff obtained an unsecured $560.00 loan ("subject loan") from Defendant to help him avoid financial uncertainty.

8. At the time Plaintiff obtained the subject loan, Plaintiff provided his cellular phone number (920) XXX-5823.

9. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone with the assigned number ending in 5823. Plaintiff is and has always been financially responsible for this cellular phone and its services.

10. In January 2018, Plaintiff defaulted on the subject loan as his income was barely sufficient to maintain a minimal standard of living.

11. Starting in early January 2018, Defendant began placing calls to Plaintiff's cellular phone attempting to collect upon the subject loan.

12. On January 4, 2018, Plaintiff answered a phone call from Defendant and after the Defendant representative proceeded to request Plaintiff to make a payment on the subject loan, Plaintiff responded by requesting Defendant to stop calling his cellular phone.

13. Notwithstanding Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 43 harassing phone calls to Plaintiff's cellular phone between January 2017 and the present day.

14. Plaintiff requested that Defendant cease placing calls to his cellular phone on no less than 2 separate occasions.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject loan.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Upon information and belief, Defendant placed its calls to Plaintiff's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the pay-day loan industry to collect defaulted loans.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's harassing collection efforts.

21. The majority of Defendant's distracting phone calls to Plaintiff's cellular phone were placed during work hours and severely disrupted Plaintiff's work productivity.

22. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited debt collection calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of his telephone equipment and telephone subscription services, debilitating Plaintiff's voicemail capacity, the wear and tear caused to his cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses meeting with his attorneys.

### COUNT I – VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") or prerecorded or artificial voice without Plaintiff's prior consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

26. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

27. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used a predictive dialing system to place calls to Plaintiff's cellular telephone.

28. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

29. The Federal Communications Commission ("FCC") has determined that predictive dialing systems are a form of an automatic telephone dialing system. *Id.*

30. Upon information and belief, the predictive dialing system employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

31. Defendant violated the TCPA by placing no less than 43 phone calls to Plaintiff's cellular phone between December 2017 and the present day, using an ATDS without his prior consent.

32. Any consent, if any, was revoked by Plaintiff's verbal revocations. Specifically, Plaintiff verbally revoked consent to be called on his cellular phone on at least two (2) separate occasions.

33. As pled above, Plaintiff was severely harmed by Defendant's collection calls to his cellular phone.

34. Upon information and belief, Defendant has no system in place to document and archive whether it has prior consent to continue to contact consumers on their cellular phones.

35. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

5

36. Defendant, through its agents, representatives, subsidiaries, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

37. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff KERRY B. KOEPKE respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

<u>COUNT III – VIOLATIONS OF THE WISCONSIN CONSUMER ACT</u>

38. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

39. The WCA states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer." Wis. Stat. §427.104(1)(h).

40. Defendant violated §427.104(1)(h) by engaging in harassing conduct in contacting Plaintiff. It was unfair for Defendant to relentlessly contact Plaintiff through means of an ATDS when he notified Defendant to cease calling him. Defendant ignored Plaintiff's demands and continued to systematically place calls to his cellular phone without his consent. Following its characteristic behavior in placing voluminous calls to consumers, Defendant engaged in harassing behavior, willfully done with the hope that Plaintiff would be compelled to make payment.

41. Defendant has also placed multiple calls to Plaintiff's cellular phone on back to back days, even after being told to cease calling. Placing several calls in a short amount of time is extremely harassing behavior, especially after being told by Plaintiff that he does not wish to be contacted.

42. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior committed by Defendant.

43. The WCA further states:

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…disclose or threaten to disclose information adversely affecting the customer's reputation for credit worthiness with knowledge or reason to know that the information is false." Wis. Stat. §427.104(1)(c)

> "In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction…a debt collector may not…claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right does not exist." Wis. Stat. §427.104(1)(j)

44. Defendant violated §427.104(1)(j) by continuing to place calls to Plaintiff's cellular phone after he told it to stop calling on no less than 2 occasions. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him via an automated system when it no longer had consent to do so. As an experienced debt collector, Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

45. As pled above, Plaintiff has suffered actual damages as a result of Defendant's unlawful practices.

46. Defendant's conduct was outrageous, willful and wanton, and showed a reckless disregard for the rights of Plaintiff. Defendant acted in defiance of Plaintiff's prompts. Plaintiff demanded Defendant to stop contacting him, but yet, he was still bombarded with collection phone calls from Defendant. In an unfair and deceptive manner, Defendant called Plaintiff at least 43 times using different phone numbers, and even called multiple times during the same day. This onslaught of

7

phone calls was an attempt by Defendant to harass Plaintiff into submission. After the initial conversation in which Plaintiff notified it to stop calling him, Defendant had more than enough information to know that it should not continue calling his phone number. Defendant falsely and deceptively represented that it had the legal ability to contact Plaintiff seeking collection of debt when it did not. Upon information and belief, Defendant regularly engages in the above described behavior against consumers in Wisconsin and for public policy reasons should be penalized.

**WHEREFORE**, Plaintiff, KERRY B. KOEPKE, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to §427.105, in an amount to be determined at trial, for the underlying violations;

c. Awarding Plaintiff costs and reasonable attorney fees pursuant to §425.308(1)-(2);

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: June 29, 2018                                              Respectfully submitted,


/s/ Marwan R. Daher                                               /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                             Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                           *Counsel for Plaintiff*
Sulaiman Law Group, Ltd.                                          Sulaiman Law Group, Ltd.
2500 South Highland Avenue, Suite 200                             2500 South Highland Avenue, Suite 200
Lombard, IL 60148                                                 Lombard, IL 60148
Telephone: (630) 537-1770                                         Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                            osulaiman@sulaimanlaw.com